On Motion to Dismiss.
The opinion of the Court was delivered hy
Bermudez, C. J.
The executors of the deceased and one of the creditors of his estate, claim that the suspensive appeal taken hy “John Nelson, tutor,” from the judgment on his opposition to their account, should ho dismissed for the following reasons, viz :
1. The certificate appended to the transcript, is informal, incomplete and untrue. The transcript was not made by the Clerk of the Second District Court, before the 31st of July, 1880, or at any other time, hut was begun prior to and completed after that date, by some other person. The certificate thereto, purporting to have been signed on that day, was not then signed hy “ John Herbert,” who was, up to then,’the clerk of said court, hut was signed by him, in that capacity, long after *218 that day, as though he was still the clerk of said court, which he then was not, said court having, with its clerk, passed out of existence on the first Monday of August, 1880. There was no one, after this date, authorized to sign such certificate, except the clerk of the Civil District Court for the Parish of Orleans, which had superseded the Second District Court, and who was the successor of said Herbert, and the said clerk did not so sign said certificate.
2. The transcript, so made, is contrary to law and to the rules of this Court, and offers no guarantee of the truthfulness, or correctness of the same, and on which it would be dangerous for appellees to go to trial.
3. A suspensive appeal does not lie on the issue presented by appellant’s opposition, to prevent the distribution of the. funds of the estate, on a bond for $150.
4. Appellant does not show in what representative capacity ho appeals, and has not appealed individually.
5. The Judge ad hoe, acting in place of the Judge of the Second District Court, recused, was without power to grant an appeal, his mission having expired with the rendering of the judgment.
On the first ground : Affidavits are offered to show the fact of the signing after the 31st of July, 1880, by “ John Herbert, Olerlc,” of the Second District Court, of the certificate at the end of the transcript.
There is no averment in the motion to dismiss charging the appellant with a knowledge of the irregular signature preferred. From what appears, the appellant is perfectly ignorant of the irregularity, and did not procure it. If it exists, it is not imputable to him. We could not give effect to an admission of the irregularity by Herbert himself, as he. could not be permitted to contradict, under oath, an attestation apparently made by him in an official capacity, and acted upon by an appellant, who had a right to presume the regularity of the certificate, and who acted in good faith; still less can we entertain and give effect to ex parte evidence, which, if it wore admissible here, would be insufficient to establish the charge legally. Upon its face the certificate is in the proper form and complete, even unto the seal of the court.
2. The transcript, thus certified, and the certificate standing, appears to satisfy the requirements of the law. We have not been told in what particulars it is at variance with the law, or the rules of this Court, and may be considered imperfect. If it be defective in not including matters which should have been embodied in it, or in •embracing matters which should not have been incorporated in it, parties claiming to be aggrieved are not left without remedy before the trial of the case. If the transcript be not deficient, or being so, the deficiencies can be easily remedied, we cannot see what ground of com *219 plaint any of the parties litigant; having interest adverse to that of the appellant, may have to ask that the appeal be dismissed.
3. It is settled beyond the possibility of a doubt, by along unbroken current of decisions, that, in a case like this, a bond for costs in the amount fixed by the court is sufficient to make the appeal suspensive, as characterized by the court when it allowed it. 16 L. 515; 10 A. 345; 27 A. 685; 20 A. 108; 22 A. 178; 27 A. 231; 28 A. 871; 21 A. 43; 30 A. 283.
4. The opposition was made by the appellant, as natural tutor of Regina Ann Nelson, his daughter. An appeal taken by him, as “ tutor," from a judgment on that opposition and a bond furnished by him in the same manner, under the order of appeal, without mention of the name of his ward, must be viewed and treated as taken by him as tutor by nature of his said minor child. No other construction is possible.
5. The record does not show that the order of appeal was granted by the Judge ad hoe. It may well be, under the authority in succession of Pinaud, N. R. (O. B. 46, fo. 221), that the Judge of the Second District Court should not have recused himself; but if this were the case, then the appointment of the Judge ad hoe would have been unauthorized and his judgment would be a nullity; but if the District Judge properly recused himself, and if the appointment of the Judge ad hoe was legally made, the mission of the latter did not terminate with the judgment, but continued to the very end of the litigation, mainly for the enforcement of the judgment when final and executory.
Whether granted by the District Judge, as the movers contend it should have been, or by the Judge ad hoe, who, we think, had authority to allow it, the order of appeal must be maintained.
It may be of some interest to say that the transcript in this case covers 786 pages, and that the opposition of the tutor is to a distribution of some $15,000, in which parties in interest might have been permitted to participate, after reserving out of the same an amount sufficient to satisfy opponent’s claim. R. C. C. 1470.
The motions to dismiss are overruled, with costs.
On Rule to Receive Evidence.
The opinion of the Court was delivered by
Bermudez, C. J.
Since the rendition of the decree herein, overruling the motion to dismiss made in this case, the movers, who are creditors, have taken a rule on the appellant to show cause why evidence should not be received to prove an averment in said rule, which was not incorporated in the motion to dismiss, viz: “ that the date appended to the transcript was so appended on the 4th of November, 1860, by John Herbert, not then clerk of any court, at the request of *220 appellant, for the benefit of appellant, and to the prejudice of appellees, and contrary to law,” and why, ultimately, the appeal should not be dismissed. The proceeding is novel.
■ After a motion to dismiss has been made and overruled, it is irregular for movers to take a rule of this description, to supply the deficiencies of the motion to dismiss. Were such proceeding- tolerated, it might be indefinitely renewed. Parties moving- for the dismissal of appeals, must allege all their grounds together in the original motion. In any event, the rule pu'esents a new matter, viz: a charge of delinquency on the part of the appellant, to whom no fault was previously imputed, and comes forty days after the filing of the transcript.
The complaint is that the transcript is not properly signed, not that it is incomplete or deficient. In either case, it would not be a cause of dismissal (24 A. 61; 27 A. 473; 28 A. 576) in the absence of proper seasonable averment by appellees, of default on the part of the appellant.
The rule is dismissed with costs.